12-3536-pr
Thompson v. Racette

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

PRESENT:    ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.
            RICHARD W. GOLDBERG,[*]
                    *Judge*.

_____

WAYNE THOMPSON,

            *Plaintiff-Appellant*,

        v.                                              12-3536-pr

STEPHEN RACETTE, SUPERINTENDENT, GREAT MEADOW CORRECTIONAL FACILITY, LESTER WRIGHT, CHIEF MEDICAL OFFICER, KOENIGSMANN, CHIEF MEDICAL OFFICER, LUCIEN J. LECLAIRE, DEPUTY COMMISSIONER, KENNETH S. PERLMAN, DEPUTY COMMISSIONER OF PROGRAM SERVICES, GAIL HAPONIK, DEPUTY COMMISSIONER OF ADMINISTRATIVE SERVICES, ANTHONY J. ANNUCCI, DEPUTY COMMISSIONER AND COUNSEL, WHALEN, REGIONAL MEDICAL

_____

[*]The Honorable Judge Richard W. Goldberg, United States Court of International Trade, sitting by designation.

DIRECTOR, JOHN DOE, DIVISION OF
HEALTH SERVICES, BRIAN FISCHER,
COMMISSIONER,

*Defendants-Appellees.*

---

For Appellant:             WAYNE THOMPSON, *pro se*, Comstock, NY.

For Appellees:             JONATHAN D. HITSOUS, Assistant Solicitor General (Eric T.
                           Schneiderman, Attorney General, Barbara D. Underwood,
                           Solicitor General, Andrea Oser, Deputy Solicitor General, *on the
                           brief*), State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Wayne Thompson appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them "to raise the strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted).

To substantiate an Eighth Amendment claim for inadequate medical treatment, a prisoner must prove that the defendant was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). "The standard for deliberate indifference includes a subjective component and an objective component." *Hill*, 657 F.3d at 122. "Subjectively, the official charged with deliberate indifference must act with a sufficiently culpable state of mind." *Id.* (internal quotation marks

2

omitted). "The objective component requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (internal quotation marks omitted).

In this appeal, we find that the objective component is not met. We have relied on a two-part inquiry to determine whether an alleged deprivation is objectively serious. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). "The first inquiry is whether the prisoner was actually deprived of adequate medical care." *Id.* at 279. The second inquiry asks "whether the inadequacy in medical care is sufficiently serious." *Id.* at 280. Here, we find that Thompson did not demonstrate that he was deprived of adequate medical care. While it is not disputed that a specialist twice recommended that Thompson undergo surgery to repair a torn tendon in his shoulder, the prison's healthcare review company, in conjunction with prison medical personnel, recommended instead that he first pursue physical therapy, a more conservative treatment plan, because they determined that physical therapy could obviate the need for surgery. While, "[i]n certain instances, a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan," *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (internal quotation marks omitted), Thompson has not plausibly alleged that the recommendations here, which would still allow him to have surgery if physical therapy failed, were less efficacious. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*

With respect to Thompson's retaliation claim, the district court was correct in finding that the grievances complaining about the prison's decision not to provide him with shoulder surgery were all filed after the April 2009 surgery was cancelled. In other words, prison officials could not have retaliated against him by denying his request for surgery before he ever filed a grievance about the matter. To the extent that Thompson's retaliation claim relied on his grievance, filed in October 2008, regarding the prison's alleged failure to properly conduct an MRI with full contrast, the record reveals that Appellant's April 2009 surgery was scheduled sometime in 2009, after the grievance was filed. Because it is not plausible that prison officials would retaliate against Thompson by scheduling the requested surgery, the district court correctly dismissed Thompson's retaliation claims.

Finally, we have held that district courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend should be denied if it would be futile. *Id.* In his brief, Thompson requests that leave to amend be granted, but does not state what facts or claims he would assert if such leave were granted. Because Thompson's complaint sets forth his factual allegations and claims in detail, and the record does not suggest that Thompson could plead new facts or claims to overcome the deficiencies identified above, the district court correctly concluded that granting him leave to amend would be futile.

3

We have considered Thompson's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4